| | |
|---|---|
| GABRIEL MASCIOLI, Individually,<br>and<br><br>STATE Restoration LLC<br>MO Charter #LC1739278; and<br><br>VETBUILD, LLC<br>MO Charter #LC1739276;<br><br>    PLAINTIFFS,<br>v.<br><br>DAVID TORRES, Individually,<br>Serve at: 1018 W Stanford Street<br>Springfield, MO 65807; and<br><br>VETBUILD, LLC<br>MO Charter # LC1738412;<br>Serve Registered Agent:<br>David Torres<br>1018 W Stanford Street<br>Springfield, MO 65807; and<br><br>MISSOURI VETBUILD, LLC<br>MO Charter # 1738408<br>Serve Registered Agent:<br>David Torres<br>1018 W Stanford Street<br>Springfield, MO 65807; and<br><br>TORRES CONSULTING, LLC<br>MO Charter # LC001686397<br>Serve Registered Agent:<br>David Torres<br>1018 W Stanford Street<br>Springfield, MO 65807,<br><br>    DEFENDANTS. | Case No. **6:23-cv-03220**<br><br>Hon._____<br><br><br>**REQUEST FOR TRIAL BY JURY** |

## COMPLAINT

**COME NOW,** Plaintiffs Gabriel Mascioli, VETBUILD, LLC and State Restoration, LLC ("Plaintiffs" and "Plaintiff Mascioli" and "Plaintiff VETBUILD"), and for their complaint against Defendants David Torres, Individually, Missouri Vetbuild, LLC, and VETBUILD, LLC and Torres Consulting, LLC, (all acting in consort and in unison with all named Defendants that Defendant David Torres controlled) (hereinafter "Defendant Torres" or "Defendants"), by and through the undersigned counsel, alleges as follows:

## PARTIES

1. Plaintiff Mascioli is a resident of Moon Township, PA and is the owner of State Restoration, LLC, and VETBUILD, LLC.

2. Plaintiff VETBUILD, LLC is a Missouri limited liability company and is a satellite business of VETBUILD with its principal place of business located in Pittsburgh, Pennsylvania at 294 Ewings Mill Road, New Township, Pennsylvania 15108. VETBUILD also has satellite locations located in York, Pennsylvania; Maryland, Washington DC; Richmond, Virginia; Dallas, Texas and Springfield, Missouri.

3. VETBUILD offers services in home exterior restoration, roofing repair, siding, gutter and interior remodeling.

4. Plaintiff Mascioli is the owner of the trademark right on which the claims of relief asserted herein are based.

5. Defendant David Torres is a resident of Springfield, Missouri and upon information and belief is the owner of Vetbuild, LLC, Missouri Vetbuild, LLC and Torres Consulting, LLC.

*Mascioli et.al. v. Torres et.al. 6:23-cv-03220   Complaint*   Page **2**
Case 6:23-cv-03220-LMC   Document 1   Filed 07/21/23   Page 2 of 17

6. Upon information and belief, Defendants VETBUILD, LLC and Missouri VETBUILD, LLC are Missouri limited liability companies with an address at 1018 W Stanford Street, Springfield, Missouri 65807.

7. Defendants offer services of home restoration and roofing in direct competition with Plaintiffs.

## JURISDICTION AND VENUE

8. This is an action for trademark infringement arising under 15 U.S.C. § 1114(1) and 1125.

9. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1331 and 1338 and 15 U.S.C. § 1121.

10. That the amount in controversy is more than $75,000.00.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b) because the Defendants are domiciled and/or reside and conduct business in this judicial district, and because a substantial part of the events giving rise to the claims occurred in this judicial district.

12. This Court has personal jurisdiction over Defendants because the Defendants are residents of Missouri.

## OVERVIEW

13. Plaintiff Mascioli owns the federally registered Mark "VETBUILD", U.S. Trademark Reg, No. 6,696,571 (Attached hereto as **Exhibit A**, and hereinafter referred to as the "Registered Mark").

14. Plaintiff State Restoration LLC d/b/a VETBUILD is a Missouri limited liability company that offers Home Exterior Restoration services including roofing repair,

siding, gutter and interior remodeling, and any other business and/or services that are lawful according to the state of Missouri. Plaintiff VETBUILD has been offering home restoration services in the state of Missouri for approximately four (4) years.

15. Defendant David Torres is a former employee of Plaintiffs and worked for Plaintiff and Plaintiff's company VETBUILD from October 4, 2019, to October 19, 2020, at which time Plaintiff terminated Defendant.

16. Defendant VETBUILD LLC, (Mo Charter #LC1738412) is a limited liability company in Springfield, Missouri formed by Defendant Torres on or about October 14, 2020, while Defendant Torres was still employed by Plaintiffs. Defendant purports to offer the same services as Plaintiffs in and around the Springfield, Missouri area including outlying areas such as Branson, Missouri.

17. Defendant Missouri Vetbuild LLC, (MO Charter #LC1738408) is a limited liability company located in Springfield, Missouri formed by Defendant Torres on or about October 19, 2020, while Defendant Torres was still employed by Plaintiff Mascioli. Defendant purports to offer the same services as Plaintiffs in and around the Springfield, Missouri area including outlying areas such as Branson, Missouri.

18. Defendant Torres secretly registered VETBUILD, LLC and Missouri Vetbuild, LLC with the Missouri Secretary of State.

19. Defendant Torres' and Defendants' appropriated use of the monikers VETBUILD and Missouri Vetbuild (the "Infringing Mark" *see* **Exhibit B**) is confusingly similar to Plaintiff's VETBUILD "Registered Mark" of Plaintiff Mascioli and in direct competition with Plaintiffs.

20. Defendants' actions, as alleged herein, damage the reputation and goodwill Plaintiffs have built up in the Springfield and surrounding areas in Missouri and confuse customers into believing that in dealing with Defendants, they are in fact dealing with Plaintiff Mascioli's company VETBUILD.

21. Defendants' infringement of the VETBUILD "Registered Mark" further unfairly allows Defendants to profit as a result of VETBUILD's local success with the VETBUILD "Registered Mark" and services in conjunction with the mark.

22. Plaintiff Mascioli first became aware of Defendants using the name VETBUILD when a lawyer working with Plaintiff Mascioli on another project, notified Plaintiff Mascioli of a company registering the same name with the state of Missouri after the Plaintiff Mascioli paid another lawyer to register "VETBUILD" for franchising purposes.

23. On October 22, 2020, Plaintiff Mascioli through undersigned counsel sent a certified letter to Defendant Torres demanding that it cease and desist from all unlawful use of a Mark confusingly similar to the VETBUILD Mark. Although the certified letter was addressed to the Defendant's address, the letter was not accepted by Defendants and was returned to the Attorney's office.

24. Defendants advertise and sell their services through advertising and a website under the name "Missouri VETBUILD".

25. After Plaintiff Mascioli notified Defendant Torres of Plaintiffs' rights, Defendant Torres intentionally continued and still continues to advertise under the name "Missouri VETBUILD" and on its website.

26. Plaintiff Mascioli seeks monetary and injunctive relief pursuant to its claims arising out of Defendants' willful infringement and unauthorized use of Plaintiff's VETBUILD Mark.

## ALLEGATIONS
### Plaintiff's Business and the VETBUILD Mark

27. Plaintiffs incorporate by reference all averments and prayers set forth in paragraphs 1-26 above as if set forth herein verbatim.

28. Plaintiff VETBUILD is a long-standing, well-known company that offers services of Home Exterior Restoration services including roofing repair, siding, gutter and interior remodeling.

29. Plaintiff VETBUILD solicits and receives customer orders for its services through various means, including past customer referrals and its website found at "VETBUILD.US".

30. On or about November 12, 2020, Plaintiff VETBUILD created and adopted its Mark and filed its Mark with the United States Patent and Trademark Office and commenced use of the VETBUILD Mark, on April 12, 2022, when it obtained its registration with the United States Patent and Trademark Office, and has continuously used the VETBUILD Mark since that date in conjunction with Home Exterior and Interior Restoration services.

31. As a result of the time, effort and money invested in its business, Plaintiff VETBUILD has achieved a national reputation of high-quality work and customer satisfaction.

32. As a result of its reputation for excellence, Plaintiff VETBUILD enjoys substantial demand for its services.

33. Together with its reputation for excellence, Plaintiffs enjoy tremendous goodwill in its VETBUILD Mark.

34. The VETBUILD Mark has been extensively used by Plaintiff VETBUILD in the states of Pennsylvania, Maryland, Washington, DC, Virginia, Missouri, and Texas in connection with advertising and promoting VETBUILD's services on VETBUILD's website and in other publications and advertising.

35. The VETBUILD Mark is prominently presented on Plaintiff VETBUILD's website, and advertisements.

36. The VETBUILD Mark has been extensively and continually advertised and promoted by Plaintiff VETBUILD within the United States for the past Four (4) plus years.

37. A substantial amount of time, effort and money has been expended over the years in ensuring that the public and customers associate the VETBUILD Mark exclusively with Plaintiff VETBUILD.

38. Since as early as 2018, Plaintiff VETBUILD has operated its website available at **https://vetbuild.us.** VETBUILD's website is an important resource used constantly by the general public, receiving hundreds of "hits" or visits each day. Plaintiff VETBUILD spends substantial resources each year operating and maintaining its website, Moreover, Plaintiff VETBUILD spends substantial resources each year promoting and advertising its website and services under the VETBUILD Mark.

39. The VETBUILD Mark is unique and distinctive and, as such, designates a single source of origin.

40. As a result of VETBUILD's extensive and exclusive use, the VETBUILD Mark has developed extensive goodwill in the construction industry in the states where its services are available, including Missouri.

41. By virtue of the extensive scope of the sales and services made and the sums spent to advertise and promote services under the VETBUILD Mark, such marks have acquired strong secondary meaning in the minds of the VETBUILD customers and the construction industry and like communities, and is highly distinctive, and serves uniquely to identify VETBUILD services.

42. Through widespread and favorable public acceptance and recognition, VETBUILD's Mark has become an asset of tremendous value as a symbol of VETBUILD's services.

43. Having been promoted to the general public and in the construction industry, and having exclusively identified VETBUILD and its services, the VETBUILD Mark symbolizes the tremendous goodwill associated with VETBUILD and is a property right of tremendous value.

44. The VETBUILD Mark is a valid and enforceable trademark.

45. Plaintiff Mascioli is the owner of the following registration on the Principal Trademark Register of the United States Patent and Trademark Office: Reg No.: 6,696,571 with Reg No. 6,696,571 being incontestable and Ser. No.: 90-315,673. A copy of the registration certificate is attached as **Exhibit A** respectively.

46. The Registered Mark is valid, subsisting, and in full force and effect.

### Defendants' Business and Infringing Conduct

47. Plaintiffs incorporate by reference all averments and prayers set forth in paragraphs 1-46 above as if set forth herein verbatim.

48. Upon information and belief, Defendants are engaged in the business of roofing, exterior siding, gutter, and insurance claims through their website and other like advertisements.

49. Defendants use and have used its website to transact business in the construction field.

50. Defendant uses the moniker "VETBUILD" and "Missouri VETBUILD" to attract business in and around Springfield, Missouri and surrounding areas, including within this judicial district.

51. Defendants have known about the VETBUILD Mark since at least as early as January of 2019 when Plaintiff Mascioli advised Defendants of same.

52. Defendant Torres, after October 14, 2020 took additional action to further confuse the public by utilizing the VETBUILD Mark in various new infringing ways, such as, but not limited to a website found at **www.movetbuild.com**, by having "Missouri VETBUILD and VETBUILD" logos on his vehicles that he drives around Springfield and other areas in Missouri.

53. Potential clients have contacted Defendant and Defendant has told them that Plaintiff's business is not open and that Plaintiff is not conducting business.

# FIRST CLAIM FOR RELIEF
## (Trademark Infringement of Federally Registered Trademark No.: 6,696,571 under 15 U.S.C. § 1114(1))

54. Plaintiffs incorporate by reference all averments and prayers set forth in paragraphs 1-53 above as if set forth herein verbatim.

55. Defendants' use of Plaintiff's VETBUILD Mark and variations thereof in association with its goods and services is and was likely to cause confusion, mistake or to deceive.

56. The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114 (1), entitling Plaintiff to relief.

57. Defendants have unfairly profited from the infringing acts alleged, in an amount to be determined at trial.

58. By reason of Defendants' acts, Plaintiff Mascioli has suffered damage to the goodwill associated with Plaintiff's VETBUILD Mark.

59. Defendants' activities have irreparably harmed, and if not enjoined will continue to irreparably harm, Plaintiffs and Plaintiff Mascioli's federally registered VETBUILD Mark.

60. Defendants' activities have irreparably harmed, and if not enjoined will continue to irreparably harm the general public, who has an interest in being free from confusion, mistake, and deception.

61. By reason of Defendants' acts, Plaintiffs' remedy at law is not adequate to compensate Plaintiffs for the damages inflicted by Defendants. Accordingly, Plaintiff Mascioli is entitled to preliminary and permanent injunctive relief against Defendants pursuant to 15 U.S.C. § 1116.

62. By reason of Defendants' willful acts, Plaintiff Mascioli is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

63. This is an exceptional case, making Plaintiff Mascioli eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

64. The infringement by the Defendants has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with Plaintiff's VETBUILD Mark.

65. Defendants' infringement will continue unless enjoined by the Court.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment for Plaintiffs and against Defendants, jointly and severally, for a preliminary and permanent injunctive relief during the pendency of this action and an amount to be determined for actual damages plus interest, and punitive damages and for other lawful charges that accrue up to and through the date of judgment, for his costs herein expended, and for such other and further relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(False Designation of Origin/ Trademark Infringement of Federally Registered Trademark No.: 6,696,571 under 15 U.S.C. § 1125(A))**

66. Plaintiffs incorporate by reference all averments and prayers set forth in paragraphs 1-65 above as if set forth herein verbatim.

67. Plaintiff Mascioli is the exclusive owner of the VETBUILD Mark.

68. Defendants' use of the monikers VETBUILD and Missouri Vetbuild (the "Infringing Mark" *see* **Exhibit B**) is confusingly similar to Plaintiff's VETBUILD Mark.

69. Defendants' use of the Infringing Mark and variations thereof is likely to cause confusion, or to cause mistake, or to deceive the relevant public that products and services offered by Defendants, are authorized, sponsored, or approved by, or are affiliated with, Plaintiffs.

70. Defendants' use of the Infringing Mark and variations thereof is likely to cause confusion among the general public and the construction industry.

71. The above-described acts of the Defendants constitute trademark infringement of Plaintiff's VETBUILD Mark and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

72. Defendants have unfairly profited from the actions alleged in an amount to be determined at trial.

73. By reason of Defendants' acts alleged herein, Plaintiff Mascioli has suffered damage to the goodwill associated with Plaintiff's VETBUILD Mark.

74. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and Plaintiff's VETBUILD Mark.

75. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake and deception.

76. By reason of Defendants' acts alleged herein, Plaintiffs' remedy at law is not adequate to compensate Plaintiffs for the damages inflicted by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief against Defendants pursuant to 15 U.S.C. § 1116.

77. By reason of Defendants' willful acts, Plaintiffs are entitled to damages, and that those damages be trebled, under 15U.S.C. § 1117.

78. This is an exceptional case, making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

79. Defendants' use of the infringing VETBUILD and Missouri VETBUILD names constitutes a false designation of origin which is likely to deceive consumers into believing that Defendants' goods and services are those of the Plaintiffs, and, as a consequence, are likely to divert customers away from the Plaintiffs.

80. Plaintiffs have no control over the nature and quality of the goods and services provided and services rendered by Defendants. Any failure, neglect or default by Defendants in providing such goods and services will reflect adversely on Plaintiffs as the believed source of origin thereof, hampering efforts by Plaintiffs to continue to protect its reputation in the marketplace, resulting in loss of sales and the considerable expenditures to promote its goods and services under Plaintiff's VETBUILD Mark, all to the irreparable harm of the Plaintiffs.

81. Defendants' false designation of origin will continue unless enjoined by this Court.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment for Plaintiffs and against Defendants, Jointly and Severally, for a preliminary and permanent injunctive relief during the pendency of this action and an amount to be determined for actual damages plus interest and punitive damages, and for other lawful charges that accrue up to and through the date of judgment, for his costs herein expended, and for such other and further relief as this Court deems just and proper.

# THIRD CLAIM FOR RELIEF
(Unfair Competition)

82. Plaintiffs incorporate by reference all averments and prayers set forth in paragraphs 1-81 above as if set forth herein verbatim.

83. By virtue of its intentional infringement of the Plaintiff's VETBUILD Mark, Defendants have violated state unfair competition laws under Missouri Law.

84. The Missouri Court of Appeals has described unfair competition as follows:

    *Unfair competition is a species of "commercial hitchhiking" which the law finds offensive, and therefore, prohibits. The law of unfair competition is but a reaffirmation of the rules of fair play. It aims to effect honesty among competitors by outlawing all attempts to trade on another's reputation-it gives the crop to the sower and not to the trespasser. In so doing it strives to protect the buying public from deception.* Cushman v. Mutton Hollow Land Dev., Inc., 782 S.W. 2d 150, 157 (Mo. Ct. App. 1990) (quoting Shrout v. Tines, U260 S.W.2d 782, 788 (Mo. Ct. App. 1953).

85. Defendants have used Plaintiff's VETBUILD Mark to divert or damage Plaintiff's business relationships, expectancies, and opportunities to the detriment of Plaintiffs.

86. Defendants' actions will cause Plaintiffs to lose the benefit of the substantial investment made in developing, marketing, and selling its goods and services. Defendants' improper actions, particularly after being asked to stop multiple times in writing and in person by Plaintiffs, were intended to cause harm to Plaintiffs.

87. Defendants' actions constitute unfair competition. The actions were intentional and calculated to injure Plaintiffs in the marketplace. The actions are unfair and wrongful and done with the intent of damaging Plaintiff's business interests.

88. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiffs, its business reputation, and its goodwill. Plaintiffs have no adequate

remedy at law and will continue to be irreparably harmed unless and until Defendants are preliminarily and permanently enjoined from these actions.

89. Defendants' conduct was gross, wanton, malicious, oppressive, and showed spite, ill will, and reckless indifference to the interests of others. The conduct evidences an evil hand guided by an evil mind. As a result, Defendants are liable for punitive damages.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment for Plaintiffs and against Defendants, jointly and severally, for preliminary and permanent injunctive relief during the pendency of this action and an amount to be determined for actual damages plus interest and punitive damages, and for other lawful charges that accrue up to and through the date of judgment, for their costs herein expended, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

90. Plaintiffs incorporate by reference all averments and prayers set forth in paragraphs 1-89 above as if set forth verbatim.
91. Plaintiffs demand jury trial on all Counts.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1. That a preliminary injunction be entered, enjoining Defendants, its agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, from engaging in the following activities:

A.  Registering, trafficking in, and using, in any manner, any name, confusingly similar to, or likely to dilute Plaintiffs' VETBUILD Mark or any other marks owned by Plaintiffs;

B.  Using any of Plaintiffs' VETBUILD Marks or any other name, mark, designation or depiction in a manner that is likely to cause confusion regarding whether Defendants are affiliated or associated with or sponsored by Plaintiffs, or that is likely to dilute the distinctiveness of Plaintiffs' VETBUILD Mark or any other marks owned by Plaintiffs;

C.  Engaging in trademark infringement, trademark dilution, counterfeiting, unfair competition, false advertising, false designation of origin, and passing off against Plaintiffs, or misappropriation of Plaintiffs' trademark rights;

D.  Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

2. That the Court enter final judgment that Defendants have:

   A.  Violated Plaintiffs' rights in Plaintiffs' VETBUILD Mark in violation of 15 U.S.C. § 1114(1), and are LIABLE to Plaintiffs for damages for the same.

3. That the Court enter a Final Judgment:

   A. Permanently enjoining Defendants, its agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, from engaging in the activities described in Paragraph 1 (a-d)-2(a) above;

B. Ordering Defendants to account to Plaintiffs for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above;

C. Ordering Defendants to pay damages, in an amount to be determined at trial, and that those damages be trebled, under 15 U.S.C. § 1117;

D. Ordering Defendants to pay Plaintiffs' reasonable attorneys' fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117;

E. Ordering Defendants to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendants;

F. Ordering Defendants to pay punitive damages in an amount to be determined, based upon the foregoing acts of Defendants; and

G. Granting Plaintiffs such other relief as the Court may deem appropriate.

Respectfully submitted,

**TAYLOR & PHILLIPS, LLC**

/S    Anthony Phillips
Anthony Phillips,  MO Bar #56968
2847 S Ingram Mill Road, #A100
Springfield, Missouri 65804
Office: 417-763-6000
Fax: 417-622-4457
anthony@taylorphillipslaw.com
ATTORNEY FOR PLAINTIFF(S)